**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| WILLIAM RAMSEY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | C.A. No.: 1:22-cv-01555-MAK |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| THE STANDARD | ) | |
| INSURANCE COMPANY | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

**PLAINTIFF'S BRIEF TO REMAIN IN DISTRICT COURT OF DELAWARE UNDER 28 U.S.C. § 1404(a)**

MURPHY & LANDON
ROGER D. LANDON, No. 2460
1011 Centre Road, Suite 210
Wilmington, DE  19805
(302) 472-8112
Attorney for Plaintiff

00281095.1

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................................................i

I.  Introduction ..........................................................................................................1

II.  Analysis ..............................................................................................................1

1.  Plaintiff's Forum Preference......................................................................2

2.  Defendant's Forum Preference ..................................................................3

3.  Whether the Claims Arose Elsewhere .......................................................4

4.  Convenience of the Parties as Indicated by Their Relative Physical and
Financial Condition....................................................................................4

5.  Convenience of the Witnesses ...................................................................4

6.  Location of Books and Records..................................................................5

7.  Enforceability of the Judgment..................................................................5

8.  Practical Considerations.............................................................................5

9.  Relative Administrative Difficulty Due to Court Congestion ....................5

10.  Local Interest in Deciding Local Controversies at Home...........................6

11.  Public Policies of the Fora .........................................................................6

12.  Familiarity of the Trial Judges with the Applicable State Law in Diversity Cases ..................6

III.  Conclusion ...........................................................................................................6

## TABLE OF AUTHORITIES

*Amgen, Inc. v. Ariad Pharmaceuticals, Inc.*, 513 F. Supp. 2d 34 (D. Del. 2007) ..........................5

*C. R. Bard, Inc. v. Angiodynamics, Inc.*, 156 F. Supp. 3d 540 (D. Del. 2016) ...........................2, 3

*Dorado v. Laborers Pension Trust Fund for Northern California*, 2006 WL 2402006
(E.D. Cal. 2006) ...................................................................................................................5

*Intell. Ventures I LLC v. Altera Corp.*, 842 F. Supp. 2d 744 (D. Del. 2012)..................................4

*Intellectual Ventures I LLC v. Checkpoint Software Technologies Ltd.*, 797 F. Supp. 2d 472
(D. Del. 2011) .....................................................................................................................2

*J.L. Souser & Associates, Inc. v. J&J Snack food Corp.*, 06-CV-2043, 2007 WL 1217690
(M.D. Pa. Apr. 24, 2007) ...................................................................................................4

*Jumara v. State Farm Insurance Company*, 55 F.3d 873, 879-80 (3d Cir. 1995)................. *passim*

*Midlantic Nat. Bank v. Hansen*, 48 F.3d 693 (3d Cir. 1995).........................................................3

*PNC Bank, N.A. v. United Services Automobile Assn.*, CV 20-1886, 2021 WL 2209245
(W.D. Pa. June 1, 2021).....................................................................................................6

*Smart Audio Technologies, LLC v. Apple, Inc.*, 910 F. Supp. 2d 718 (D. Del. 2012).....................2

*Stratos Lightwave, Inc. v. E20 Commun., Inc.*, CIV.A. 01-309-JJF, 2002 WL 500920
(D. Del. Mar. 26, 2002)......................................................................................................2

*TriStrata Tech., Inc. v. Emulgen Laboratories, Inc.*, 537 F. Supp. 2d 635 (D. Del. 2008) ............2

### Other Authorities

28 U.S.C. §1404..............................................................................................................1, 2, 6

Wright & Miller, Federal Practice and Procedure § 3854 — Standard in Considering Transfer —
Interest of Justice (4th ed.)..............................................................................................6

## I.      Introduction

In 1989, Minnesota Mutual Life Insurance Company sold two business overhead expense insurance policies ("the Policies") to Friedman Billings Ramsey & Co ("Friedman Billings"). One of the policies was purchased on September 29, 1989, and is now worth $996,735.00, and the other policy was purchased on October 29, 1989, and is now worth $383,352.00. Plaintiff William Ramsey is listed as the insured on both policies. In 2002, Friedman Billings assigned the policies to BEM Capital Services. BEM changed its name to Ramsey Asset Management ("RAM") in 2004. Plaintiff and his wife were and are the sole owners of RAM.

On January 25, 2023, the Court ordered the parties to determine whether the District Court of Delaware is the proper venue for this action. Plaintiff respectfully submits this memoranda to assert that this case should remain in the District Court of Delaware pursuant to 28 U.S.C. § 1404(a).

## II.     Analysis

The Third Circuit analyzes a number of private and public interest factors protected by 28 U.S.C. § 1404(a) to determine whether the "balance of convenience of the parties" tips in favor of transfer.[1]

---

[1] *Jumara v. State Farm Insurance Company*, 55 F.3d 873, 879-80 (3d Cir. 1995).
The factors are subsumed into two categories: private interests and public interests.
The private interests are (1) plaintiff's forum preference as manifested in the original choice, (2) the defendant's preference, (3) whether the claim arose elsewhere, (4) the convenience of the parties as indicated by their relative physical and financial condition, (5)  the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora, (6) and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).

Of all twelve *Jumara* factors, Plaintiff's forum preference is of particular significance. Conversely, the convenience factors are insignificant. The District Court of Delaware has recognized that convenience factors do not weigh in favor of transfer because "[d]iscovery is largely electronic, with depositions taking place where the deponents reside or work. Moreover, most trials now are scheduled for less than seven days, and involve only a handful of live witnesses and a limited number of documents."[2]

### 1. Plaintiff's Forum Preference

The District Court of Delaware has held that a "plaintiff's choice of forum is the *paramount* consideration in determining whether to transfer an action under §1404(a)."[3]

Ramsey has chosen to litigate in Delaware, and that preference "should not be lightly disturbed."[4] His contacts with Delaware are evident. He owns a property in Delaware, and spends several months of the year there. Further, RAM is the owner of the Policies and is incorporated in Delaware. The decision to incorporate in Delaware is "a rational and legitimate reason" to choose to litigate there.[5] In addition, Plaintiff relied on the laws of his incorporation state to manage his company, pursuant to the Delaware Limited Liability Company Act.[6]

---

The public interests are (1) the enforceability of the judgment, (2) practical considerations that could make the trial easy, expeditious, or inexpensive, (3) the relative administrative difficulty in the two fora resulting from court congestion, (4) the local interest in deciding local controversies at home, (5) the public policies of the fora, and (6) the familiarity of the trial judge with the applicable state law in diversity cases.

[2] *C. R. Bard, Inc. v. Angiodynamics, Inc.*, 156 F. Supp. 3d 540, fn 6 (D. Del. 2016).

[3] *Smart Audio Technologies, LLC v. Apple, Inc.*, 910 F. Supp. 2d 718, 726 (D. Del. 2012). *See also, Intellectual Ventures I LLC v. Checkpoint Software Technologies Ltd.*, 797 F. Supp. 2d 472, 479 (D. Del. 2011) (emphasis added).

[4] *TriStrata Tech., Inc. v. Emulgen Laboratories, Inc.*, 537 F. Supp. 2d 635, 643 (D. Del. 2008) (Quoting *Stratos Lightwave, Inc. v. E20 Commun., Inc.*, CIV.A. 01-309-JJF, 2002 WL 500920 at *7, (D. Del. Mar. 26, 2002)).

[5] *Id.*

[6] During the administrative process to determine coverage, Defendant argued that Plaintiff's knowledge of his cancer should be imputed to the company and thus, the company should have

The other entities in this case also have Delaware connections. Friedman Billings Ramsey & Co. is incorporated in Delaware.[7] Minnesota Mutual Life Insurance and Standard Insurance Co. conduct business in Delaware.

## 2.  Defendant's Forum Preference

Plaintiff anticipates that Defendant will prefer a transfer to Virginia. It is the Defendant's burden to persuade the Court that transfer is appropriate, not only for its convenience, but in the interests of justice.[8]

It is true that both Ramsey and RAM are both located in Virginia. Yet, there are no facts present to support Virginia as a forum state. Defendant may assert that RAM's principal place of business is in Virginia. It is true that both a party's state of incorporation and locus of a party's business activities are traditional and legitimate venues.[9] However, RAM is currently an inactive company, and is not conducting any business. The Third Circuit has held that when assessing actual business activities of a company to determine its principal place of business, an "inactive" corporation -- one conducting no business activities -- has no principal place of business and is instead a citizen of its state of incorporation only.[10] Due to RAM's inactivity, the Court may only

---

provided notice. Ramsey contended that the Delaware Limited Liability Company Act permitted a manager to withhold information of his illness under such circumstances.

[7] Friedman Billings Ramsey & Co is the subsidiary of Friedman Billings Ramsey Group, Inc. While the parent company is based in Virginia, the broker-dealer subsidiary is incorporated in Delaware. The purchaser of this policy was the subsidiary, and thus, the relevant state of incorporation is Delaware.

[8] *C. R. Bard, Inc. v. Angiodynamics, Inc.*, 156 F. Supp. 3d 540, 547 (D. Del. 2016).

[9] *Id.* at 545.

[10] *Midlantic Nat. Bank v. Hansen*, 48 F.3d 693, 696 (3d Cir. 1995).

consider it a citizen of Delaware. Ultimately, the interests of justice do not favor transfer to Virginia.

### 3.   Whether the Claims Arose Elsewhere

The question of whether the claims arose elsewhere is not pertinent. Such operative facts may be relevant when they transpire in a certain state.[11] This action focuses on a denial of insurance coverage, which materialized via inter-state communication, rather than in one tangible location.

### 4.   Convenience of the Parties as Indicated by Their Relative Physical and Financial Condition

Neither party is inconvenienced by the current venue. Plaintiff maintains a property in Delaware and spends several months of the year in-state. Defendant is an insurance company, which conducts business in 50 states, including Delaware.  There is nothing in the record to support that litigation in Delaware would impose an undue financial or physical burden on Defendant. The fact that Defendant operates throughout the United States belies that notion.[12]

### 5.   Convenience of the Witnesses

No potential witness would be inconvenienced by the current venue. The key witness is Ramsey himself, whose preference is Delaware. Further, the medical professionals who treated Ramsey are based in Maryland, a geographic neighbor of Delaware.

---

[11] *See J.L. Souser & Associates, Inc. v. J&J Snack food Corp.*, 06-CV-2043, 2007 WL 1217690 at *3, (M.D. Pa. Apr. 24, 2007) ("…the System was installed in New Jersey, it allegedly never worked properly in New Jersey, and it was serviced by Plaintiff. . . in New Jersey.")
[12] *Intell. Ventures I LLC v. Altera Corp.*, 842 F. Supp. 2d 744, 755-56 (D. Del. 2012).

Further, the consideration is not whether witnesses are inconvenienced by litigation but, rather, whether witnesses "actually may be unavailable for trial in one of the fora."[13]  There is nothing in the record to indicate that any witness would be unavailable to testify in Delaware.

### 6.   Location of Books and Records

This factor is of little significance. The location of the books is likely to be given relatively little weight when most, if not all, of the documents of relevance are available digitally.[14] The location of books and records is only determinative if "the files c[an] not be produced in the alternative forum."[15] That is not the case here. Time and time over, these insurance policy documents have exchanged hands both digitally and through the mail.

### 7.   Enforceability of the Judgment

This factor is neutral, as it bears no significance to the facts of this case.

### 8.   Practical Considerations

Practical considerations may include "judicial economy, whether transfer will avoid duplicative litigation, and possible waste of time."[16] None of these factors would warrant a transfer in this case.

### 9.   Relative Administrative Difficulty Due to Court Congestion

The record is void of facts to suggest that the District of Delaware would be more congested than a Virginia Court. Furthermore, the Third Circuit has not placed "great

---

[13] *Jumara* at 879.

[14] In 2007, the District Court of Delaware refused to consider the expense of transporting relevant documents. See *Amgen, Inc. v. Ariad Pharmaceuticals, Inc.*, 513 F. Supp. 2d 34, 46 (D. Del. 2007).

[15] *Jumara* at 879.

[16] *Dorado v. Laborers Pension Trust Fund for Northern California*, 2006 WL 2402006 at *2 (E.D. Cal. 2006).

importance" on this factor.[17] By itself, court congestion is not an appropriate factor for transfer

under Section 1404(a).[18]

### 10. Local Interest in Deciding Local Controversies at Home

This factor is neutral, as it bears no significance to the facts of this case.

### 11. Public Policies of the Fora

This factor is neutral, as it bears no significance to the facts of this case.

### 12. Familiarity of the Trial Judges with the Applicable State Law in Diversity Cases

This factor weighs in favor of remaining in Delaware. Judicial familiarity, as to litigating

in a district of the state whose law is to govern, is a relevant factor.[19] Plaintiff has previously

argued that Delaware law shall govern this dispute, in part due to the justified expectations of the

party. Thus, a Delaware judge, who is familiar with that body of law, should oversee this dispute.

The fact that the matter was reassigned to a judge from the Eastern District of Pennsylvania, at

most, makes this factor neutral.

### III.    Conclusion

For the reasons set forth therein, because the "balance of the convenience of the parties"

does not tip in favor of transfer, Plaintiff respectfully requests that the case remain in the District

Court of Delaware.

---

[17] *PNC Bank, N.A. v. United Services Automobile Assn.*, CV 20-1886, 2021 WL 2209245 at *19, (W.D. Pa. June 1, 2021) (citations omitted).
[18] Wright & Miller, Federal Practice and Procedure § 3854 -- Standard in Considering Transfer—Interest of Justice (4th ed.)
[19] *Id.*

MURPHY & LANDON

*/s/ Roger D. Landon*
ROGER D. LANDON, No. 2460
1011 Centre Road, Suite 210
Wilmington, DE 19805
(302) 472-8112
Attorney for Plaintiff